IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **JAMES M. BUCK,** | CASE NO. 3:22 CV 1071 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

### INTRODUCTION

Plaintiff James M. Buck seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Thomas M. Parker for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Parker recommends this Court vacate and remand the Commissioner's final decision. (Doc. 11). The Commissioner filed objections to the R&R. (Doc. 12). For the reasons set forth below, the Court sustains the Commissioner's objections, rejects the R&R, and affirms the Commissioner's decision.

### PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits in 2020 alleging a disability onset date of October 31, 2019. (Tr. 225, 305). His claims were denied initially and upon reconsideration. (Tr. 61, 69). Plaintiff (represented by counsel), and a vocational expert ("VE") testified at a hearing before an administrative law judge ("ALJ") on May 18, 2021. (Tr. 16-27). On May 28, 2021, the ALJ found Plaintiff not disabled in a written decision. (Tr. 33-59). The Appeals Council denied

Plaintiff's request for review, making the hearing decision the final decision of the Commissioner. (Tr. 8-10). Plaintiff timely filed the instant action on June 20, 2022. (Doc. 1).

Plaintiff raised a single argument to the ALJ's decision: that the ALJ "erred in evaluating the state agency psychological consultants' opinions by failing to explain, despite finding the consultants' opinion 'somewhat persuasive,' why the ALJ did not include in [Plaintiff's] RFC the consultants' conclusion Buck could have only superficial interactions with supervisors and coworkers." (Doc. 11, at 7-8).

In his R&R, Judge Parker concluded the ALJ "failed to apply the proper legal standards when evaluating the state psychiatric consultants' opinions" by failing "to meet the regulatory obligation to explain any conflict between opinions found to be persuasive." *Id.* at 9-10. He recommends the Court vacate and remand the Commissioner's decision. *See* Doc. 11.

### STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r*

*of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

### DISCUSSION[1]

The Commissioner raises one objection to the R&R: that Judge Parker failed to read the ALJ's decision "as a whole". (Doc. 12, at 1) (citing *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001), and *Crum v. Comm'r of Soc. Sec.*, 660 F. App'x 449, 455 (6th Cir. 2016)).

At Step Four of the evaluation process, an ALJ must determine a claimant's residual functional capacity ("RFC") after considering the medical and other evidence in the record. 20 C.F.R. § 404.1520c(e). The ALJ must, at minimum, explain how he considered a medical opinion source's supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). Federal regulations require that "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7.

Plaintiff alleged disability due to diabetes, major depression, and anxiety. (Tr. 290). State agency consultants found Plaintiff was limited to intermittent and superficial interactions with supervisors and coworkers. *Id.* at 24. The ALJ found this opinion "somewhat persuasive to the extent that it is consistent with and supported by[] the findings that [Plaintiff] had depression, adjustment disorder, and panic disorder." *Id.* at 24-25. The ALJ then "found that [Plaintiff] was limited to 'occasional' interactions with supervisors and coworkers" and did not explicitly include a limitation to "superficial" interactions. (Doc. 11, at 9) (citing Tr. 21).

---

1. Neither party objects Judge Parker's summary of the medical record. The Court need not repeat Plaintiff's medical history, which was thoroughly described by Judge Parker.

3

The R&R explains that "'occasional' and 'superficial' are not synonymous; nor is 'occasional' inclusive of 'superficial.' Rather, [']occasional['] refers to the quantity of interactions, while 'superficial' refers to the quality of interactions." (Doc. 11, at 10). The R&R concludes that the ALJ violated SSR 96-8p by substituting the "superficial interaction" limitation from state agency consultants with "occasional interaction" without explanation, leaving the Court unable to determine whether the ALJ's RFC was supported by substantial evidence. *Id.*

Courts in the Sixth Circuit "routinely find that an ALJ may not replace a limitation regarding 'superficial interaction' with one regarding 'occasional interaction,' absent explanation" and remand such decisions. *Moon v. Comm'r of Soc. Sec.*, 2021 WL 5748392, at *7 (N.D. Ohio) (collecting cases). "Courts routinely recognize that limiting the *quantity* of time spent with an individual does not accommodate a limitation relating to the *quality* of the interactions – including a limitation to 'superficial' interaction." *Hummel v. Comm'r of Soc. Sec.*, 2020 WL 13572215, at *4 (S.D. Ohio) (collecting cases) (emphasis included).

The Commissioner objects to the conclusion that the ALJ's RFC regarding Plaintiff's ability to interact with coworkers and supervisors was not supported by substantial evidence as incorrect, as "a court may look into any evidence in the record to determine if the ALJ's decision is supported by substantial evidence, regardless of whether it has actually been cited by the ALJ." (Doc. 12, at 1) (citing *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 786 (6th Cir. 2017)). The ALJ qualified her finding of the state psychologists' opinion as "somewhat persuasive *to the extent that* it is consistent with and supported by the findings that the claimant had depression, adjustment disorder, and panic disorder." (Tr. 24-25) (emphasis added). This indicates that the ALJ read the state psychologists' opinion and limitations in conjunction with other opinion and testimony evidence.

4

In support of the RFC finding, the ALJ cited, in addition to the "somewhat persuasive" state psychologists' opinions, another examiner's "overall persuasive" conclusion that Plaintiff

> reported no trouble following instructions in the past in his workplaces; he had no difficulty with concentration in the exam and he reported no problems with supervisors or coworkers in the past in the workplace but he had a history of strained interpersonal relationships; and he reported having some social supports but would cry on the phone or quite related to stress in the workplace and he had deficits in dealing with stress and pressure in the workplace due to emotional instability, anxiety, and depression.

(Tr. 24). The ALJ further limited Plaintiff's interactions in a qualitative manner by finding he "may not engage in any team or tandem work with co-workers and should have no interaction with the general public. . . . Any necessary changes need to occur infrequently and be easily explained." *Id.* at 25. Finally, the ALJ cited Plaintiff's testimony that outside of work, he had no trouble spending time with his girlfriend and her daughter, traveling and attending seventeen concerts during a period of fourteen months, and seeing family and other acquaintances. *Id.* at 23.

While the Court agrees that Commissioner "cannot come and rewrite the ALJ's reasoning" or "offer a post hoc explanation for the ALJ's vague determination that the state agency consultants' opinions were only somewhat persuasive" (Doc. 11, at 11), this Court finds that, when reading the decision as a whole as required, the ALJ adequately articulated her reasoning by citing ample evidence and imposing corresponding limitations. "While it may have been preferable for the ALJ to have explicitly referenced these record inconsistencies . . . , that is not required so long as her reasoning is apparent to the reader." *Acoff v. Comm'r of Soc. Sec.*, 2019 WL 2359878, at *9 (N.D. Ohio), *report and recommendation adopted by* 2019 WL 2358968 (N.D. Ohio).

5

## CONCLUSION

For the foregoing reasons, the Commissioner's objections are SUSTAINED, Judge Parker's R&R (Doc. 11) is REJECTED, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

     s/ *James R. Knepp II*
    UNITED STATES DISTRICT JUDGE